UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                                       :
ANTONE SILVA,                                          :
             *Plaintiff*                               :
                                                       :
v.                                                     : C.A. No. 1:19-cv-00429-WES-LDA
                                                       :
STATE OF RHODE ISLAND, TOWN OF TIVERTON,               :
PATRICK W. JONES, Individually and as                  :
Chief of Police for the Tiverton Police Department,    :
SERGEANT MICHAEL BARBOZA,                              :
JOSHUA PELLETIER and RYAN HUBER,                       :
Town of Tiverton Police Officers, Individually and in  :
 their official capacity,                              :
             *Defendants*                              :
_____               :

## SECOND AMENDED COMPLAINT AND JURY CLAIM

Now comes the Plaintiff, Antone Silva, and states the following cause of action:

## INTRODUCTION

1.    This is an action for money damages against the State of Rhode Island, Town of Tiverton, Patrick W. Jones, Individually and as Chief of Police for the Tiverton Police Department, Michael Barboza, JOSHUA PELLETIER and RYAN HUBER Town of Tiverton Police Officers, Individually and in their official capacity, for negligence, intentional infliction of emotional distress and violation of the Plaintiff, Antone Silva's, State and Federal Constitutional rights.

2.    Plaintiff, Antone Silva, alleges his wrongful arrest and detention was negligent and in violation of his substantive due process and Fourth Amendment rights as protected by the Fourteenth and Fourth Amendment of the United States Constitution and the Rhode Island State Constitution.

## CLAIMS

3.    This action is brought pursuant to Title 42 U.S.C. §1983 and 1988 and the Fourth, and Fourteenth Amendments to the United States Constitution, including State claims for negligence, invasion of privacy, intentional infliction of emotional distress and state liability under the doctrine of respondeat superior.

## **PARTIES**

4.     Plaintiff, Antone Silva, is a resident of Tiverton, Rhode Island residing at 185 Stafford Road, Tiverton, Rhode Island 02878.

5.     Defendant, State of Rhode Island, is a municipality, duly organized under the laws of the State of Rhode Island, and as such, is responsible for the policies, practices and customs of the operation of the R.O.N.C.O. system, the Newport District Court, its agents, servants, employees and clerks, including the hiring, screening, training, supervising, and disciplining of its agents servants and employees.

6.     Defendant, Town of Tiverton, is a municipality, duly organized under the laws of the State of Rhode Island, and as such, is responsible for the policies, practices and customs of the Tiverton Police Department, as well as the hiring, screening, training, supervising, and disciplining of the Tiverton Police Officers.

7.     Defendant, Patrick W. Jones, is the duly appointed Chief of Police for the Town of Tiverton, with his usual place of business at 20 Industrial Way, Tiverton, Rhode Island, and as such, is responsible for the policies, practices and customs of the Police Department, as well as the hiring, training, supervising, and disciplining of the Town of Tiverton's Police Officers.  He is sued individually and in his official capacity.

8.     Defendant, Michael Barboza, is a police officer for the Town of Tiverton, Rhode Island, with his usual place of business at 20 Industrial Way, Tiverton Rhode Island.  He is sued individually and in his official capacity.

9.     Defendant, Joshua Pelletier, is a police officer for the Town of Tiverton, Rhode Island, with his usual place of business at 20 Industrial Way, Tiverton  Rhode Island.  He is sued individually and in his official capacity.

10     Defendant, Ryan Huber, is a police officer for the Town of Tiverton, Rhode Island, with his usual place of business at 20 Industrial Way, Tiverton Rhode Island.  He is sued individually and in his official capacity.

11.     At all times mentioned herein, the Defendants were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Constitution of the United States of America, State of Rhode Island and/or the Town of Tiverton.

12.     That the conduct of the above-named Defendants were negligent and deprived the Plaintiff, Antone Silva, herein of his rights, privileges and immunities secured by the Constitution and/or Laws of the United States of America, the Rhode Island Constitution and the laws of

the State of Rhode Island.

13.  During all times mentioned in this Complaint, the Defendants and each of them were duly agents servants or employees of the State of Rhode Island and/ or appointed officers for the police department of Tiverton, Rhode Island, acting in their official capacities.  They are sued where pertinent, however, only in their individual capacities.

14.  At all times mentioned in this Complaint, each Defendant had the duty and the opportunity to protect the Plaintiff, Antone Silva, from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff to be deprived of his rights.

## **FACTS**

15.  Plaintiff hereby incorporates by reference Paragraphs 1 through 14 as stated above.

16.  On April 14, 2018, the Plaintiff, Antone Silva, was arrested by Officer Marco Valzovano of the Tiverton Police Department for alleged domestic simple assault on his girlfriend Darcie Silvia  and a No Contact Order was issued by Judge Colleen Hastings.

17.  That the April 14, 2018 complaint  State of Rhode Island v. Antone Silva Case No. 21-2018-00690 was dismissed under Rule 48A  and the No Contact Order issued on April 14, 2018 was terminated on June 21, 2018 in the Newport District Court.

18.  On June 21st The Newport District Court clerk, her agents, servants or employees notified the Tiverton Police Department via J links that the no contact order was terminated

19.   On September 1, 2018, Defendant Sergeant Barboza signed a dismissal of the no contact order, who failed to notify the Tiverton Police Department of same.

20.  That the Tiverton Police Department failed to remove the no contact order from its system and/or records.

21.  That on September 8, 2018, the Plaintiff, Antone Silva, was falsely arrested at the Tiverton Casino by officer Joshua Pelletier of the Tiverton Police Department for an alleged violation of the No Contact Order previously issued by Judge Colleen Hastings on April 14, 2018 and terminated on June 21, 2018.

22.  That following the Plaintiff's illegal arrest on September 8, 2018, Plaintiff appeared at the Newport District Court, and was assured that the No Contact Order had been terminated and was removed from the Courts computer system.

23.  That the Court  notified the Tiverton Police Department and Attorney General's Office that the Plaintiff was arrested for violation of the no contact order despite the fact that the no contact order had been terminated. Nevertheless, Tiverton Police Department failed to

remove the no contact order from its system and/or records.

24.    That on September 10, 2018, the criminal case for violation of the No Contact Order was dismissed as the No Contact Order had been terminated.

25    That on September 10, the Newport District Court clerk's office, notified both the Tiverton Police Department and the Attorney General's Office that the no contact order had been terminated.

26.    On September 11, 2018 the termination of the no contact order was entered into the State of Rhode Island R.O.N.C.O. system documenting that the no contact order had been vacated and removed

27.    That on December 8, 2018, the Plaintiff, Antone Silva, was approached at the Tiverton Casino in Tiverton Rhode Island by officer Ryan Huber due to an alleged dispute between Antone Silva and his girlfriend Darcie Silvia  and asked to leave the casino.

28.    Based on the December 8th 2015 incident, on December 28, 2015 Antone Silva was  arrested by officer Huber for alleged violation of the No Contact Order that had terminated by order of the court on June 21, 2018 and for a second time on September 10, 2018. At the time of the Plaintiff's arrest , Antone Silva advised the arresting officer Huber, that the No Contact Order had been terminated.  Officer Huber  was familiar with the Plaintiff, Antone Silva and knew or should have known that the case had been dismissed and the no contact order terminated, but nevertheless arrested the Plaintiff.


## COUNT I

### Fourteenth Amendment Violation of 42 U.S.C. §1983
### Substantive Due Process
### (SERGEANT MICHAEL BARBOZA)

29.    Plaintiff hereby incorporates by reference Paragraphs 1 through 28 as stated above.

30.    Defendant, Sergeant Michael Barboza, acting under color of State law, by his individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be deprived of his liberty without due process of law, in violation of Plaintiff's rights caused the Plaintiff to sustain damages as aforesaid, thereby depriving Plaintiff of rights secured under the Fourteenth Amendment to the United States  Constitution.

31.    That the actions of the Defendant, Sergeant Michael Barboza, violated the Plaintiff, Antone Silva's due process rights in that the Defendant exercised power over the Plaintiff without any reasonable justification and without any legitimate governmental objective and such conduct was intended to injure the Plaintiff in such manner as to be so egregious as to shock the conscience.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.  A judgment that the Defendant, Sergeant Michael Barboza, in the manner described herein, violated the substantive due process rights of the Plaintiff in violation of the Fourteenth Amendments to the United States Constitution actionable pursuant to 42 U.S.C. §1983.

b.  An award of compensatory damages.

c.  An award of punitive damages.

d.  An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988

e.  Such other and further relief as the Court deems just and proper.

## <u>COUNT II</u>

### <u>Unreasonable Search and Seizure in Violation of 42 U.S.C. §1983</u> <u>Fourth Amendment</u> (SERGEANT MICHAEL BARBOZA)

32.  Plaintiff hereby incorporates by reference Paragraphs 1 through 31 as stated above.

33.  Defendant, Sergeant Michael Barboza, acting under color of State law, by his individual acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be deprived of his constitutional rights under the Fourth Amendment to the United States Constitution in that the Defendant deprived the Plaintiff's right to be free from unreasonable searches and seizures.

34.  That the deprivation to be free from unreasonable searches and seizures by the Defendant, Sergeant Michael Barboza, was objectively unreasonable in violation of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.  A judgment that the Defendants, in the manner described herein, violated the Fourth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

b.  An award of compensatory damages.

c.  An award of punitive damages.

    d.    An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988

    e.    Such other and further relief as the Court deems just and proper

### COUNT III

### Unreasonable Search and Seizure in Violation of Article I, §6 of the Rhode Island Constitution
### (SERGEANT MICHAEL BARBOZA)

35.    Plaintiff hereby incorporates by reference Paragraphs 1 through 34 as stated above.

36.    Defendant, Sergeant Michael Barboza, acting under color of state law, by his individual acts and/or omissions, including, but not limited to, those described herein, caused plaintiff to be illegally searched and seized in derogation of Plaintiff's constitutional right to be free from unreasonable search and seizures, causing Plaintiff to sustain damages as aforesaid, and thereby deprived Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

    WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

    a.    A judgment that the Defendant, Sergeant Michael Barboza, in the manner described herein, violated Article I, §6 of the Rhode Island Constitution in that she be free from any unreasonable search or seizure.

    b.    An award of compensatory damages.

    c.    An award of punitive damages.

    d.    An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

    e.    Such other and further relief as the Court deems just and proper.

### COUNT IV

### Intentional infliction of Emotional Distress
### (SERGEANT MICHAEL BARBOZA)

37.    Plaintiff hereby incorporates by reference Paragraphs 1 through 36 as stated above.

38.    That the Defendant, Sergeant Michael Barboza's, outrageous conduct, intentionally and recklessly caused severe emotional distress to the Plaintiff, Antone Silva.

39.    That the Defendant, Sergeant Michael Barboza's, conduct was extreme and outrageous and

intentionally and/or recklessly caused severe emotional distress to the Plaintiff. (Restatement (second) of Torts §46)

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.      A judgment that the defendant, in the manner described herein,

b.      An award of compensatory damages.

c.      An award of punitive damages.

d.      An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

e.      Such other and further relief as the Court deems just and proper.


## COUNT V

### Violation of Rights of Privacy
### (SERGEANT MICHAEL BARBOZA)

40.    Plaintiff hereby incorporates by reference Paragraphs 1 through 39 as stated above.

41.    That the Defendant, Sergeant Michael Barboza's,  actions were an unreasonable, substantial and serious interference of the Plaintiff's privacy as protected under Rhode Island General Laws, §9-1-28.1(a)(1).

42.    That the conduct of the Defendant, Sergeant Michael Barboza, violated the Plaintiff's rights to physical solitude and seclusion in violation of the above statute.

43.    As a proximate cause of Defendant's actions, Plaintiff suffered injuries including, but not limited to humiliation and embarrassment, emotional distress, loss of his sense of security, dignity and pride as a United States citizen and a violation of his civil rights and liberties.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.      A judgment that the defendant, in the manner described herein,

b.      An award of compensatory damages.

c.      An award of punitive damages.

d.      An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

e.      Such other and further relief as the Court deems just and proper.

## COUNT VI

### Fourteenth Amendment Violation of 42 U.S.C. §1983
### Substantive Due Process
### (OFFICER JOSHUA PELLETIER)

44.    Plaintiff hereby incorporates by reference Paragraphs 1 through 43 as stated above.

45.    Defendant, Officer Joshua Pelletier, acting under color of State law, by his individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be deprived of his liberty without due process of law, in violation of Plaintiff's rights caused the Plaintiff to sustain damages as aforesaid, thereby depriving Plaintiff of rights secured under the Fourteenth Amendment to the United States Constitution.

46.    That the actions of the Defendant, violated the Plaintiff, Antone Silva's due process rights in that the Defendant exercised power over the Plaintiff without any reasonable justification and without any legitimate governmental objective and such conduct was intended to injure the Plaintiff in such manner as to be so egregious as to shock the conscience.

       WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

    a.    A judgment that the Defendant, Officer Joshua Pelletier, in the manner described herein, violated the substantive due process rights of the Plaintiff in violation of the Fourteenth Amendments to the United States Constitution actionable pursuant to 42 U.S.C. §1983.

    b.    An award of compensatory damages.

    c.    An award of punitive damages.

    d.    An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988

    e.    Such other and further relief as the Court deems just and proper.

## COUNT VII

### Unreasonable Search and Seizure in Violation of 42 U.S.C. §1983
### Fourth Amendment
### (OFFICER JOSHUA PELLETIER)

47.    Plaintiff hereby incorporates by reference Paragraphs 1 through 46 as stated above.

48.  Defendant, Joshua Pelletier acting under color of State law, by his individual acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be deprived of his constitutional rights under the Fourth Amendment to the United States Constitution in that the Defendant deprived the Plaintiff's right to be free from unreasonable searches and seizures.

49.  That the deprivation to be free from unreasonable searches and seizures by the Defendant, Joshua Pelletier was objectively unreasonable in violation of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.  A judgment that the Defendants, in the manner described herein, violated the Fourth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

b.  An award of compensatory damages.

c.  An award of punitive damages.

d.  An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988

e.  Such other and further relief as the Court deems just and proper

## COUNT VIII

### Unreasonable Search and Seizure in Violation of Article I, §6 of the Rhode Island Constitution
### (OFFICER JOSHUA PELLETIER)

50.  Plaintiff hereby incorporates by reference Paragraphs 1 through 49 as stated above.

51.  Defendant, Joshua Pelletier, acting under color of state law, by his individual acts and/or omissions, including, but not limited to, those described herein, caused plaintiff to be illegally searched and seized in derogation of Plaintiff's constitutional right to be free from unreasonable search and seizures, causing Plaintiff to sustain damages as aforesaid, and thereby deprived Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.  A judgment that the Defendant, Officer Joshua Pelletier, in the manner described herein, violated Article I, §6 of the Rhode Island Constitution in that she be free from any unreasonable search or seizure.

b.      An award of compensatory damages.

c.      An award of punitive damages.

d.      An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

e.      Such other and further relief as the Court deems just and proper.

## COUNT IX

### Intentional infliction of Emotional Distress
### (OFFICER JOSHUA PELLETIER)

52.     Plaintiff hereby incorporates by reference Paragraphs 1 through 51 as stated above.

53.     That the Defendant, Officer Joshua Pelletier's, outrageous conduct, intentionally and recklessly caused severe emotional distress to the Plaintiff, Antone Silva.

54.     That the Defendant's conduct was extreme and outrageous and intentionally and/or recklessly caused severe emotional distress to the Plaintiff. (Restatement (second) of Torts §46)

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.      A judgment that the defendant, in the manner described herein,

b.      An award of compensatory damages.

c.      An award of punitive damages.

d.      An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

e.      Such other and further relief as the Court deems just and proper.

## COUNT X

### Violation of Rights of Privacy
### (OFFICER JOSHUA PELLETIER)

55.     Plaintiff hereby incorporates by reference Paragraphs 1 through 54 as stated above.

56.     That the Defendant, Officer Joshua Pelletier's , actions were an unreasonable, substantial and serious interference of the Plaintiff's privacy as protected under Rhode Island General Laws, §9-1-28.1(a)(1).

57.   That the conduct of the Defendant Officer Joshua Pelletier , violated the Plaintiff's rights to physical solitude and seclusion in violation of the above statute.

58.   As a proximate cause of Defendant's actions, Plaintiff suffered injuries including, but not limited to humiliation and embarrassment, emotional distress, loss of his sense of security, dignity and pride as a United States citizen and a violation of his civil rights and liberties.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.   A judgment that the defendant, in the manner described herein,

b.   An award of compensatory damages.

c.   An award of punitive damages.

d.   An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

e.   Such other and further relief as the Court deems just and proper.

## COUNT XI

### Fourteenth Amendment Violation of 42 U.S.C. §1983
### Substantive Due Process
### (OFFICER RYAN HUBER)

59.   Plaintiff hereby incorporates by reference Paragraphs 1 through 58 as stated above.

60.   Defendant, Ryan Huber, acting under color of State law, by his individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be deprived of his liberty without due process of law, in violation of Plaintiff's rights caused the Plaintiff to sustain damages as aforesaid, thereby depriving Plaintiff of rights secured under the Fourteenth Amendment to the United States  Constitution.

61.   That the actions of the Defendant, Ryan Huber violated the Plaintiff, Antone Silva's due process rights in that the Defendant exercised power over the Plaintiff without any reasonable justification and without any legitimate governmental objective and such conduct was intended to injure the Plaintiff in such manner as to be so egregious as to shock the conscience.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.   A judgment that the Defendant, Ryan Huber,  in the manner described herein, violated the substantive due process rights of the Plaintiff in violation of the Fourteenth Amendments to the United States Constitution actionable pursuant to 42 U.S.C. §1983.

b.       An award of compensatory damages.

c.       An award of punitive damages.

d.       An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988

e.       Such other and further relief as the Court deems just and proper.

## COUNT XII

### Unreasonable Search and Seizure in Violation of 42 U.S.C. §1983
### Fourth Amendment
### (OFFICER RYAN HUBER)

62.   Plaintiff hereby incorporates by reference Paragraphs 1 through 61 as stated above.

63.   Defendant, Ryan Huber acting under color of State law, by his individual acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be deprived of his constitutional rights under the Fourth Amendment to the United States Constitution in that the Defendant deprived the Plaintiff's right to be free from unreasonable searches and seizures.

64.   That the deprivation to be free from unreasonable searches and seizures by the Defendant, Ryan Huber, was objectively unreasonable in violation of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.       A judgment that the Defendant, in the manner described herein, violated the Fourth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

b.       An award of compensatory damages.

c.       An award of punitive damages.

d.       An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988

e.       Such other and further relief as the Court deems just and proper

## COUNT XIII

### Unreasonable Search and Seizure in Violation of Article I, §6
### of the Rhode Island Constitution
### (OFFICER RYAN HUBER)

65.     Plaintiff hereby incorporates by reference Paragraphs 1 through 64 as stated above.

66.     Defendant, Ryan Huber, acting under color of state law, by his individual acts and/or omissions, including, but not limited to, those described herein, caused plaintiff to be illegally searched and seized in derogation of Plaintiff's constitutional right to be free from unreasonable search and seizures, causing Plaintiff to sustain damages as aforesaid, and thereby deprived Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

   a.     A judgment that the Defendant Ryan Huber in the manner described herein, violated Article I, §6 of the Rhode Island Constitution in that she be free from any unreasonable search or seizure.

   b.     An award of compensatory damages.

   c.     An award of punitive damages.

   d.     An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

   e.     Such other and further relief as the Court deems just and proper.

## COUNT XIV

### Intentional infliction of Emotional Distress
### (OFFICER RYAN HUBER)

67.     Plaintiff hereby incorporates by reference Paragraphs 1 through 66 as stated above.

68.     That the Defendant, Ryan Huber's, outrageous conduct, intentionally and recklessly caused severe emotional distress to the Plaintiff, Antone Silva.

69.     That the Defendant, Ryan Huber's, conduct was extreme and outrageous and intentionally and/or recklessly caused severe emotional distress to the Plaintiff. (Restatement (second) of Torts §46)

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.      A judgment that the defendant, in the manner described herein,

b.      An award of compensatory damages.

c.      An award of punitive damages.

d.      An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

e.      Such other and further relief as the Court deems just and proper.

## COUNT XV

### Violation of Rights of Privacy
**(OFFICER RYAN HUBER)**

70.    Plaintiff hereby incorporates by reference Paragraphs 1 through 69 as stated above.

71.    That the Defendant, Ryan Huber's,  actions were an unreasonable, substantial and serious interference of the Plaintiff's privacy as protected under Rhode Island General Laws, §9-1-28.1(a)(1).

72.    That the conduct of the Defendant,Ryan Huber, violated the Plaintiff's rights to physical solitude and seclusion in violation of the above statute.

73.    As a proximate cause of Defendant's actions, Plaintiff suffered injuries including, but not limited to humiliation and embarrassment, emotional distress, loss of his sense of security, dignity and pride as a United States citizen and a violation of his civil rights and liberties.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.      A judgment that the defendant, in the manner described herein,

b.      An award of compensatory damages.

c.      An award of punitive damages.

d.      An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney.

e.      Such other and further relief as the Court deems just and proper.

## COUNT XVI

### Supervisory Claims - Town of Tiverton,
### its agents, servants or employees
### and Chief Patrick Jones
### 42 U.S.C. §1983
**(Monell Claim)**

74.   Plaintiff hereby incorporates by reference Paragraphs 1 through 73 as stated above.

75.   The Defendants Town of Tiverton and Chief Patrick Jones unconstitutionally failed to properly hire, train, supervise, and discipline officers in the department, including Defendant, Sergeant Michael Barboza.

76.   That on information and belief, during all relevant time periods, an unconstitutional custom or policy existed in the Town of Tiverton wherein police misconduct was encouraged, acquiesced to or condoned or in which Defendants were deliberately indifferent to such misconduct.

77.   At all relevant times, the Defendant unconstitutionally acted intentionally, willfully, maliciously, and/or with reckless or deliberate indifference to Plaintiff's constitutionally protected rights.  Furthermore, at all relevant time, the Defendants knew or should have known that their unconstitutional conduct would cause or contribute to the deprivation of Plaintiff's civil rights and would cause Plaintiff great harm.

78.   That the Defendant, his agents, servants or employees are liable in their personal and official capacities in that they had knowledge of prior incidents of police misconduct, lack of training, lack of supervision, and lack of proper disciplining procedures on the part of the Defendant, Sergeant Michael Barboza , Officer Ryan Huber and Officer Joshua Pelletier, and others and deliberately failed to take remedial action.

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.   A judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution.

b.   An award of compensatory damages.

c.   An award of punitive damages.

d.   An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988

e.   Such other and further relief as the Court deems just and proper.

## COUNT XV

## STATE CLAIMS
### Negligence - Sergeant Michael Barboza

79.   Plaintiff hereby incorporates by reference Paragraphs 1 through 76 as stated above.

80.   Defendant, Sergeant Michael Barboza, individually and concerted acts and/or omissions, including, but not limited to, those described herein, negligently breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid in that he knew that the "no contact" order had been terminated and failed to determine that the order had been terminated

81.   That the Defendant negligently failed to notify the Tiverton Police department, its agents servants and employees that the no contact order had been terminated that resulted in the arrest of the Plaintiff without probable cause.

82.   As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer great pain and mental anguish.

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.   A judgment that the defendant, in the manner described herein was negligent.

b.   An award of compensatory damages.

c.   An award of punitive damages.

d.   Such other and further relief as the Court deems just and proper.

## COUNT XVI
### Negligence - Officer Joshua Pelletier

83.   Plaintiff hereby incorporates by reference Paragraphs 1 through 82 as stated above.

84.   Defendant, Joshua Pelletier, individually and concerted acts and/or omissions, including, but not limited to, those described herein, negligently breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid in that he knew or should have known that the "no contact" order had been terminated and failed to make reasonable efforts to determine that the order had been terminated

85.   That as a result, the Defendant negligently arrested the Plaintiff without probable cause.

86.   As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer great pain and mental anguish.

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.    A judgment that the defendant, in the manner described herein for negligence.
b.    An award of compensatory damages.

c.    An award of punitive damages.

d.    Such other and further relief as the Court deems just and proper.

## COUNT XVII

### Negligence - Officer Ryan Huber

87.   Plaintiff hereby incorporates by reference Paragraphs 1 through 86 as stated above.

88.   Defendant, Sergeant Michael Barboza, individually and concerted acts and/or omissions, including, but not limited to, those described herein, negligently breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid in that he knew or should have known that the "no contact" order had been terminated and failed to investigate whether the no contact order had been terminated.

89.   That as a result, the Defendant negligently arrested the Plaintiff without probable cause.

90.   As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer great pain and mental anguish.

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.    A judgment that the defendant, in the manner described herein, was negligent.

b.    An award of compensatory damages.

c.    An award of punitive damages.

d.    Such other and further relief as the Court deems just and proper.

## COUNT XVIII

### Negligence - Town of Tiverton and Chief Patrick Jones

91.     Plaintiff hereby incorporates by reference Paragraphs 1 through 90 as stated above.

92.     Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, negligently breached the duty of care owed to Plaintiff thereby causing Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid.

93.     The Defendant, Town of Tiverton, negligently failed to document and record in their records that the "no contact" order had been terminated.

94.     That as a result, the Plaintiff was falsely arrested and incarcerated on two separate occasions.

95.     As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer great pain and mental anguish.

WHEREFORE, Plaintiff, Antone Silva,  prays that this Court grant the following relief:

a.     A judgment that the defendants, in the manner described herein was negligent
b.     An award of compensatory damages.

c.     An award of punitive damages.

d.     Such other and further relief as the Court deems just and proper.

## COUNT XIX

### Negligence - STATE OF RHODE ISLAND

96.     Plaintiff hereby incorporates by reference Paragraphs 1 through 95 as stated above.

97.     Defendants, by their individual and concerted negligent acts and/or omissions, including, but not limited to, those described herein, caused the Plaintiff to sustain reasonably foreseeable harm and damages as aforesaid.

98.     The Defendant, State of Rhode Island, its agents servants or employees negligently failed to remove the termination of the no contact order from its system and/or records and or advise the Police department of the town of Tiverton of the termination, which resulted in the arrest and detention of the Plaintiff on two separate occasions by the Tiverton Police Department, its agents, servants and/or employees, and were the proximate cause of the damages suffered by the Plaintiff.

99.     That as a result, the Plaintiff was falsely arrested and incarcerated on two separate occasions.

100.    As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer great pain and mental anguish.

WHEREFORE, Plaintiff, Antone Silva, prays that this Court grant the following relief:

a.      A judgment that the defendants, in the manner described herein.

b.      An award of compensatory damages and interest.

c.      Such other and further relief as the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Antone Silva, hereby demands a trial by jury on all counts so triable.

Plaintiff, Antone Silva,
By his Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.

_____/s/ BRIAN R. CUNHA_____
Brian R. Cunha, Esq., Bar No. 4074
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508) 679-6360
Email: brian@briancunha.com

Dated: _____