UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTONE SILVA,<br>    *Plaintiff*<br>v.<br><br>STATE OF RHODE ISLAND, TOWN OF TIVERTON,<br>PATRICK W. JONES, Individually and as<br>Chief of Police for the Tiverton Police Department,<br>SERGEANT MICHAEL BARBOZA, Town of Tiverton<br>Police Officer, Individually and in his official capacity,<br>    *Defendants* | :<br>:<br>: C.A. No. 1:19-cv-00429-WES-LDA<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF ANTONE SILVA'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**

    NOW COMES, the Plaintiff, Antone Silva, and, pursuant to Local Rule 56(a)(3) of the United States District Court for the District of Rhode Island, hereby adopts Defendant State of Rhode Island's Statement of Undisputed Facts in Support of its Objection to Plaintiff's Motion for Summary Judgement. In reference to Exhibits, please refer to Defendant, State of Rhode Island's Exhibits in its Statement of Undisputed Facts.

**UNDISPUTED FACTS**

1. On April 14, 2018, the Plaintiff was arrested by the Tiverton Police and charged with domestic simple assault on his girlfriend, Darcie LaPointe. *See* **Exhibit 1**, attached hereto, Plaintiff's Answers to State's Interrogatories, Answer to Interrogatory No. 19.

2. As a result of the April 14, 2018 arrest, a No-Contact Order was issued against the Plaintiff. *See* **Ex. 1**, Answer to Interrogatory No. 19.

3. On June 21, 2018, the underlying case was dismissed as well as the First No-Contact Order by the Newport County District Court. *See* **Ex. 1**, Answer to Interrogatory No. 19.

4. On September 8, 2018, the Plaintiff was arrested a second time by Defendant, Joshua Pelletier ("Officer Pelletier") of the Tiverton Police at the Tiverton Twin River Casino for allegedly violating the No-Contact Order that had been dismissed on June 21, 2018. *See* **Ex. 1**, Answer to Interrogatory No. 3; *see also* **Exhibit 2**, attached hereto, Deposition Transcript of Sergeant Michael Barboza ("Sergeant Barboza"), at ps. 8:15-24 – 9:1; 10:2-13; **Exhibit 3**, attached hereto, Deposition Transcript of Officer Pelletier, at p. 12:14-20.

5.  Upon making the arrest of the Plaintiff on September 8, 2018, Officer Pelletier failed to speak with or check with a member of the Tiverton Police Department to determine whether the No-Contact Order for which he was arresting Plaintiff had been previously dismissed. *See* **Ex. 3**, at p. 13:20-24 – 14:1-6.

6.  As a result of the September 8, 2018 arrest, a second no-contact order was entered against the Plaintiff on September 10, 2018 (the "Second No-Contact Order"). *See* **Exhibit 4**, attached hereto, Deposition Transcript of Maureen Palazzo, at p. 26:20-24.

7.  The First No-Contact Order entered on April 14, 2018 and dismissed on June 21, 2018 was subsequently sent to RONCO who documented the termination on September 10, 2018. *See* **Ex. 4**, at p. 30:19-23.

8.  The second No-Contact Order issued on September 10, 2018 was also terminated. *See* **Ex. 4**, at p. 23:23-24 – 24:1-3.

9.  The Second No-Contact Order was marked by the Court as being accepted into RONCO's computerized criminal history system on September 11, 2018. *See* **Ex. 4**, at p. 24:5-8.

10. Additionally, on September 10, 2018, an electronic J-LINKS notification update was sent to the Tiverton Police Department, notifying them of the dismissal of the Second No-Contact Order. *See* **Ex. 4**, at p. 24:16-22; s*ee also* **Exhibit 5**, attached hereto, Court Docket from Case No. 21-2018-01838; **Exhibit 6**, attached hereto, Deposition Transcript of Chief Patrick Jones ("Chief Jones"), at p. 49:14-23.

11. J-LINKS is a court connect system that links the police department with the court system. That notifies the police department of actions taken by the Court on pending cases. *See* **Ex. 6**, at p. 12:19-21.

12. If a J-LINKS update is made in the court's system regarding a protection order being terminated, that information would be received by the prosecution officer of the respective police department. *See* **Ex. 6**, at p. 14:24 – 15:1-13.

13. It is undisputed that Sergeant Michael Barboza ("Sergeant Barboza") is the prosecution officer for the Town of Tiverton. *See* **Ex. 6**, at p. 13:15-18; *see also* **Ex. 2,** at p. 6:9-20.

14. Sergeant Barboza is the individual who would be aware of the termination of a No-Contact Order for a Tiverton case as the prosecuting officer for Tiverton. *See* **Ex. 6**, at ps. 16:19-24; 17:1-3; 71:14-22.

15. Sergeant Barboza was aware of the termination of the April 2018 No-Contact Order, along with the dismissal of the underlying case, on June 21, 2018. *See* **Ex. 2**, at p. 17:17-22; *see also* **Ex. 6**, at p. 15:9-13.

16. Sergeant Barboza was also in court on September 10, 2018 and dismissed the Plaintiff's second arrest from September 8, 2018, which was subsequently ordered to be dismissed by the Newport County District Court. *See* **Ex. 2**, at ps. 12:15-24; 13:1-12; 48:5-11.

17. Sergeant Barboza admitted under oath that after a case is dismissed, it is the custom and practice of the Tiverton Police Department to go back to the police department and enter information into the department's computer system regarding such a dismissal by entering the arrest number and closing out the arrest. *See* **Ex. 2**, at p. 19:8-13.

18. Information regarding such a dismissal or the closing out of an arrest is available within the Tiverton Police Department's computer system. *See* **Ex. 2**, at p. 19:14-17; *see also* **Ex. 6**, at p. 47:17-22.

19. On September 10, 2018, Sergeant Barboza testified that he returned to the Tiverton Police Station to enter the dismissal of the September 10, 2018 arrest matter that same day and closed out the arrest in the Tiverton Police Department's system. *See* **Ex. 2**, at p. 56:4-12.

20. Sergeant Barboza also testified that he spoke to the detectives regarding the dismissal, specifically indicating that the Plaintiff's No-Contact Order from April 2018 was not active anymore. *See* **Ex. 2**, at p. 56:4-12.

21. On September 10, 2018, Officer Pelletier himself was a detective in the Tiverton Police Department, and would know about the dismissal of the Plaintiff's No-Contact Order by Sergeant Barboza. *See* **Ex. 3**, at p. 8:14-24 – 9:1-4.

22. On December 8, 2018, Officer Huber of the Tiverton Police Department responded to the Plaintiff's house based on a call from the Plaintiff about his girlfriend Darcie Silva. *See* **Exhibit 7**, attached hereto, Town's Answers to Plaintiff's Interrogatories, Answer to Interrogatory No. 15.

23. Officer Pelletier, who ultimately prepared the December 2018 police report, indicated in said report for his December 10, 2018 narrative that "dispatch advised units that there was an active No Contact/Protection Order between Darcie Silva (Protected Party) and Antone Silva." *See* **Ex. 3**, at p. 38:5-16. *see also* **Exhibit 8**, attached hereto, Town's Responses to Plaintiff's Requests for Production of Documents, Response No. 14, at Bates Stamp No. Tiverton-RFP-000608.

24. Officer Pelletier testified that, at the time of the Plaintiff's arrest, he was unaware of the fact that the no-contact order was the was previously dismissed by the Court, which was specifically a Tiverton case. *See* **Ex. 3**, at 39:7-17.

25. Officer Pelletier also testified that ordinarily dispatch does not tell officers the city, town, or municipality from where an active No-Contact Order originates. *See* **Ex. 3**, at p. 39:18-24 – 40:1.

26. Notwithstanding this statement, the Police Report, which Officer Pelletier himself authored, specifically notes that the active No-Contact Order upon which the Plaintiff's December 2018 arrest was based on the December 10, 2018 Second No-Contact Order, a Tiverton case, and, as noted above, for which a J-LINKS electronic notification update was sent to the Tiverton Police Department on September 10, 2018. *See* **Ex. 2**, at p. 56:4-12; **Ex. 3**, at p. 34:9-18; **Ex. 6**, at p. 49:14-23; **Ex. 8**, at Bates Stamp No. Tiverton-RFP-000633.

27. Based upon the police report narrative authored by Officer Pelletier on December 8, 2018, on December 19, 2018, Sergeant Barboza signed an arrest warrant for the Plaintiff's arrest for alleged violation of the Second No-Contact Order. *See* **Ex. 2**, at ps. 9:21-24 – 10:1.

28. Sergeant Barboza testified that once the warrant was left for his review and signature, he believed that the responding officers "followed all the steps. They called RONCO. RONCO confirmed…the protection order [was] active." *See* **Ex. 2**, at p. 66:10-12.

29. Eleven (11) days elapsed between Officers Huber and Pelletier first learning of the existence of the active no-contact order and their subsequent drafting of the arrest warrant and its execution by Sergeant Barboza. *See* **Ex. 2**, at p. 9:21-24 – 10:1.

30. Sergeant Barboza testified that he did not speak with any officers in the course of reviewing or presenting the warrant. *See* **Ex. 2**, at p. 28:21 – 29:4; 66:7-16, 66:22-24 – 67:1-2.

31. The information regarding the dismissal of the Second No-Contact Order was thus available in the Tiverton Police Department's system at the time of the Plaintiff's December 2018 arrest *See* **Ex. 2**, at p. 56:4-12.

32. Based upon the police report from December 8, 2018, an arrest warrant was signed by Sergeant Barboza against the Plaintiff for alleged violation of a No-Contact Order. *See* **Ex. 2**, at p. 9:21-24 – 10:1.

33. Subsequently, on December 28, 2018, the Plaintiff was arrested by Office Pelletier for an alleged violation of a No-Contact Order. *See* **Ex. 1**, Answer to Interrogatory No. 19.

34. At the time of the arrest, both the Plaintiff and his girlfriend advised Office Pelletier that the No-Contact Order had been terminated. *See* Affidavit of Antone Silva.

35. Despite department rules and regulations, requesting that Office Pelletier check with the police department, or the Court he nevertheless arrested the Plaintiff a second time.

36. According to the Bureau of Criminal Identification's own training manual instructions, anytime a police department calls BCI after-hours to verify the active state of a No-Contact Order, the police department is always instructed to double-check this with the Courts to verify the accuracy of whether a No-Contact Order is active or not. *See* **Exhibit 9**, attached hereto, Deposition Transcript of Edward Troiano, at p. 17:18-24 – 18:1-3; 19:4-11; *see also* **Exhibit 10**, attached hereto, BCI Training Instructions.

37. Despite Officer Pelletier's testimony that dispatch contacted "RONCO" at BCI on December 8, 2018 to confirm the active status of the Second No-Contact Order against the Plaintiff, it dispatch did not contact the Courts at any time to confirm and double-check whether the Second No-Contact Order was active or not, as BCI would ordinarily instruct them to do. *See* **Ex. 3**, at p. 38:5-16; 39:18-24 – 40:1.

38. The Defendant State of Rhode Island has admitted that it is not contesting its liability for the Plaintiff's first arrest in September 2018. Its employees were negligent with respect to the failure to notify RONCO that the No-Contact Order was terminated on June 21, 2018 resulting in the Plaintiff's December 8, 2018 arrest. *See* Defendant State of Rhode Island's Statement of Undisputed Facts in Support of its Objection to Plaintiff's Motion for Summary Judgement.

        Plaintiff, Antone Silva,
        By his Attorneys,
        BRIAN CUNHA & ASSOCIATES, P.C.

        */s/ Brian R. Cunha*
        _____
        Brian R. Cunha, Esq.
        311 Pine Street
        Fall River, MA 02720
        Tel: (508) 675-9500
        Fax: (508) 679-6360
        R.I.#4074

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2020, I caused a copy of the within to be electronically filed and served through the CM/ECF filing system, which is available for electronic downloading and viewing, on all attorneys of record, who are as follows:

Marc DeSisto, Esq.
DeSisto Law, LLC
60 Ship Street
Providence, RI 02903

Alexander D. Schultheis, Esq.
150 South Main Street
Providence, RI 02903

        */s/ Brian R. Cunha*
        _____