# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTONE SILVA, *Plaintiff,* v. STATE OF RHODE ISLAND, TOWN OF TIVERTON, PATRICK W. JONES, Individually and as Chief of Police for The Tiverton Police Department, SERGEANT MICHAEL BARBOZA, JOSHUA PELLETIER and RYAN HUBER, Town of Tiverton Police Officers, Individually and in their official capacity, *Defendants.* | C.A. No.: 1:19-cv-00429-MSM-LDA |

## DEFENDANT, STATE OF RHODE ISLAND'S SECOND MOTION TO AMEND THE SCHEDULING ORDER

NOW COMES, the Defendant, State of Rhode Island ("State"), and, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for an Order amending the Scheduling Order in this matter for a second time.

The State asserts that good cause exists to amend the current Scheduling Order. First, factual discovery is scheduled to close on Monday, August 17th,[1] but there remain a number of outstanding discovery matters that remain unresolved. For example, to date, the Plaintiff has yet to produce his Responses to the State's First

---

[1] This Honorable Court's initial Pretrial Scheduling Order in this matter provided that factual discovery was to close on June 16, 2020. *See* ECF No. 19. On May 26, 2020, this Honorable Court entered a Text Order granting the State's First Motion to Amend the Scheduling Order, and extended the deadline for the close of factual discovery an additional sixty (60) days to Monday, August 17, 2020.

and Second Requests for Production of Documents, despite it being well past the thirty (30) day response deadline for both sets of responses, as provided for under Rule 34(b)(2)(A).[2] The State still intends to take the Plaintiff's deposition in this matter, however, the State cannot conduct an adequate deposition of the Plaintiff without him first producing his Responses to the State's First and Second Requests for Production of Documents. Additionally, based upon what documents are produced by the Plaintiff, and what testimony is provided at his deposition, this may in turn lead the State to potentially seek documentation from third parties in possession of the same, or to depose additional witnesses.

Modification of a scheduling order is governed by Federal Rule of Civil Procedure 16(b)(4), which provides that "A schedule may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). Certain motions to modify the deadlines in a scheduling order are disfavored and prejudice an opposing party when they "require a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy…". *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004) (*quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998)). This is

---

[2] Currently, the State has a Motion to Compel the Plaintiff's Responses to its First Requests for Production of Documents pending. As it pertains to this specific set of Requests, they were served back on April 23, 2020, and were therefore due by May 23, 2020. Despite good-faith efforts to provide Plaintiff with additional time to provide his Responses to this first set of Requests, no production has been made to date by the Plaintiff. Regarding the State's Second Requests, these were served to the Plaintiff on June 26, and were thus due by July 26th. While overdue, the State does not currently have a pending Motion to Compel for this second set of requests but intends to file one shortly.

because if amendments were always allowed, no matter the situation, district courts would be "powerless to enforce such deadlines," and "scheduling orders would be little more than aspirational statements, to be disregarded by the parties whenever compliance proves inconvenient." *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 194 (1st Cir. 2015) (*referencing O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)). Generally, amendments are particularly disfavored when they are made after, and in derogation of, a deadline imposed by the Court under a previously-issued Scheduling order. *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d at 194 (1st Cir. 2015).

Here, such "good cause" exists. The amendment to the Scheduling Order is being sought *prior* to the expiration of the deadline for the close of factual discovery, as opposed to asking this Honorable Court to re-open the same after it has expired, and therefore no prejudice would be incurred by either the Plaintiff or the Town for extending the same. Additionally, the Plaintiff has yet to produce his Responses to the State's First and Second Requests for Production of Documents, which impacts the State's ability to take his deposition to expedite the close of factual discovery, and potentially seek documentation from other relevant sources. This Honorable Court should exercise the discretion it possesses and grant the State's Motion to Enlarge the Scheduling Order by an additional sixty (60) days, with a new date for the close of factual discovery to occur on Thursday, October 17, 2020. *O'Brien v. Town of Bellingham*, 943 F.3d 514, 527 (1st Cir. 2019) (*quoting Jones v. Winnepesaukee Realty*,

3

990 F.2d 1, 5 (1st Cir. 1993) ("…district court judges 'enjoy great latitude in carrying out case-management functions.")).

WHEREFORE, the Defendant, State of Rhode Island respectfully prays that this Honorable Court grant its Motion to Amend the Scheduling Order, and enlarge all deadlines contained therein an additional sixty (60) days.

>Respectfully Submitted,
>Defendant,
>
>STATE OF RHODE ISLAND
>
>BY:
>
>**PETER F. NERONHA**
>**ATTORNEY GENERAL**
>
>*/s/ Alexander D. Schultheis*
>Alexander D. Schultheis (#9534)
>Special Assistant Attorney General
>150 South Main Street
>Providence, RI 02903
>Tel: (401) 274-4400 Ext. 2021
>Fax: (401) 222-2995
>aschultheis@riag.ri.gov

**LOCAL RULE 7(c) CERTIFICATION**
Pursuant to Local Rule 7(c) of the United States District Court for the District of Rhode Island, the State does not hereby request oral argument on this matter.

>*/s/ Alexander D. Schultheis*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 12th day of August, 2020, I caused a copy of the within DEFENDANT, STATE OF RHODE ISLAND'S SECOND MOTION TO AMEND THE SCHEDULING ORDER to be filed through the ECF System upon the following attorneys of record:

Brian R. Cunha, Esq. (#4074)
BRIAN CUNHA & ASSOCIATES, P.C.
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508_ 679-6360
brian@briancunha.com

Marc DeSisto, Esq. (#2757)
Patrick K. Burns, Esq. (#10107)
DeSisto Law, LLC
60 Ship Street
Providence, RI 02903
Tel: (401) 272-4442
marc@desistolaw.com
pburns@desistolaw.com

                                              */s/ Alexander D. Schultheis*