UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTONE SILVA,  :
    *Plaintiff* :
v. : C.A. No. 1:19-cv-00429-WES-LDA
 :
STATE OF RHODE ISLAND, TOWN OF TIVERTON, :
PATRICK W. JONES, Individually and as :
Chief of Police for the Tiverton Police Department, :
SERGEANT MICHAEL BARBOZA, Town of Tiverton :
Police Officer, Individually and in his official capacity, :
    *Defendants* :
_____ :

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

### I.   BACKGROUND

The Plaintiff herein has been arrested on four separate occasions by the Tiverton Police Department all of which have been dismissed under Rhode Island Superior Court Rule 48(a). Three of the four arrests involved Tiverton Police Officers, Joshua Pelletier and Marco Valzovano.

### First Arrest - November 8, 2017

On November 8, 2017, the Plaintiff was first arrested by Tiverton Officer Joshua Pelletier based upon a complaint by a Moving Company that the Plaintiff had hired to move items from a tenant who he had evicted from the property that he owned. The basis for the arrest was based upon an allegation that the Plaintiff had stopped payment on a check to pay for the move. (The stop payment was based on a discussion with the agent of the owner that the Plaintiff had overpaid for the move.) Because the stop payment of a check under which he was charged is a felony, the Plaintiff was required to attend numerous Court appearances in both District Court and Superior Court. The matter was subsequently dismissed by the assistant attorney general as the arrest was not valid in that the statute under which he was charged required not only that the Plaintiff stop payment on the check, but that he had insufficient funds in his account at the time that he stopped payment. The Plaintiff did in fact have sufficient funds in his account and a cursory investigation by Office Pelletier would have revealed same. As such there was no basis for the arrest and the matter was dismissed under Rule 48(a).

### Second Arrest - April 8, 2018

On April 8, 2018, the Plaintiff was arrested a second time by Tiverton Police Officer Marco Valzovano charging him with an alleged domestic simple assault on his girlfriend Darcie Silvia. Officer Valzovano had been summoned to the Plaintiff's home by a neighbor based on a claim that there was a disturbance at the residence. Upon arrival at Mr. Silva's home, the alleged victim Darcie

Silvia a/k/a Darcie Lapointe, advised the officer that there was no assault and the parties had only been engaged in a verbal argument. Nonetheless, **Officer Valzovano** arrested the Plaintiff for domestic assault. Due to the fact that the arrest involved a domestic dispute, a no-contact order was issued by the Court, which was entered in the courts "Odyssey System". (A separate tab in the system documents the no contact order, which then relays the order to the Restraining Order and No-Contact Order system ("R.O.N.C.O.") that documents the order, which is maintained by the attorney general's office and accessible by the police for inquiry as to the status of any order.)

On June 21, 2018, the case was dismissed under Rule 48 (a) and the no-contact order was terminated. However, due to inadvertence, the District Court clerk, Tracy Furtado, failed to notify R.O.N.C.O. that the no-contact order had been terminated. As such, the R.O.N.C.O. system still indicated that the no-contact order was active.

### **Third Arrest - September 8, 2018**

On September 8, 2018, the Plaintiff was observed with his girlfriend Darcie Silvia by Tiverton Police **Officer Valzovano** at the Tiverton Twin River Casino. (Tiverton Police Officer Valzovano was the same officer that had previously arrested the Plaintiff on April 8, 2018). Officer Valzovano claims to have checked with the State of Rhode Island's R.O.NC.O. system for any active no-contact orders and determined that the no-contact order in the R.O.N.C.O. system was still active. Based on the active no-contact order, Officer Valzovano placed the Plaintiff under arrest.

Based on the arrest, a second no-contact order was entered on September 10, 2018. On that same day, the Plaintiff appeared in Court. The case was dismissed by the Defendant Sergeant Barboza under Rule 48A as the Court was made aware that on June 21, 2018 the clerk had negligently failed to enter the termination of the no-contact order in the Court's system. After the Plaintiff's arrest, the clerk, Tracy Furtado, told the administrative clerk, Maureen Pallazo of her error.

On that date the District Court's Odyssey System and R.O.N.C.O. was updated reflecting the June 21st termination and transmitted via J-Links to the Tiverton Police Department, which now documented the June 21st termination of the no-contact order. In addition, on September 11, 2018, the September 10, 2018 no-contact order was also terminated and documented on the state's R.O.N.C.O. system database.

The Court has rendered summary judgement against the State of Rhode Island for the unlawful arrest and damages must be assessed by the jury.

### **Fourth Arrest- December 28, 2018**

On December 8, 2018, Officer Ryan Huber was dispatched to the Plaintiff's home based on information about an argument between the Plaintiff and his girlfriend Darcie Silvia. No action was taken by Officer Huber; however he claims to have checked with dispatch who advised him that there was an active no-contact order on file in the R.O.N.C.O. system. In fact, both the R.O.N.C.O. system and the District Court's Odyssey System both indicated that the no-contact order had been

terminated. Officer Huber contacted his supervisor, Sergeant Rossi, who, based on information given by Officer Huber, advised Officer Huber to apply for a warrant for the Plaintiff's arrest.

On December 19, 2018, an arrest warrant was issued by the Defendant Sergeant Barboza, for violation of the terminated no contact order. (Sergeant Barboza was the Tiverton court liaison officer on September 10, 2018, when the Plaintiff's case was dismissed for violation of the same terminated no-contact order for which he was now issuing an arrest warrant. At no time did he check with the Court, R.O.N.C.O. or his department whether the no-contact order had been terminated.)

On December 28, 2018, the Plaintiff was observed by Tiverton Officer Pelletier in the Tiverton Twin River Casino and arrested the Plaintiff a second time for the terminated no-contact order. The Plaintiff appeared in Court on December 31, 2018 and the case was again dismissed under Rule 48(a) Rules of Criminal Procedure because the no-contact order was not in effect at the time of the December 8, 2018 incident.

## II.   ISSUES FOR TRIAL

### A.   The negligence of the District Court Clerk is resolved and judgment has been entered

Here, the negligence of Tracy Furtado, the District Court Clerk, who was employed by the State of Rhode Island, is undisputed.

The clerk negligently failed to enter the termination of the no-contact order into the Courts' Odyssey System, a R.O.N.C.O. system resulting in the Plaintiff's arrest on September 8, 2018.

The Court has granted summary judgment against the State of Rhode Island on the claim and all that remains is an assessment of damages.

### B.   Whether Tiverton police officers Huber, Barboza and Pelletier were negligent resulting in the arrest of the Plaintiff on December 28, 2018.

On December 10, 2018, Tiverton Police Officer, Ryan Huber, claims that the R.O.N.C.O. System indicated that there was a valid existing no-contact order in effect. It did not. Maureen Pallazo, the Odyssey System and the R.O.N.C.O. system documented that the no-contact order had been terminated on September 11, 2018.

The documentation of the termination was also forwarded to the Tiverton Police Department via the J-Links System on September 10, 2018 that forwards Court's actions on cases to the Police Department involved in the case. Officer Pelletier did not check with the police department or the Court prior to arresting the plaintiff.

Officer Pelletier failed to follow the procedures outlined by the policies and procedures of the Tiverton Police Department and RONCO requiring that prior to arresting any person in violation of a no-contact order that the officer double check with the Court to ensure that the no-contact order was still in effect. He further ignored the pleas of both the Plaintiff and Darcie Silvia, the alleged victim, who was present, that the no-contact order had been terminated.

Finally, neither Officer Huber, Officer Pelletier, Officer Rossi or Officer Barboza, who issued the arrest warrant, checked with the Clerk's office to determine whether the no-contact order was still active.

As such, it is plaintiff's position that evidence will be presented that the Town of Tiverton through its employees were negligent with regard to the second arrest of the Plaintiff on December 28, 2018.

### C. Whether Officers Huber, Pelletier and Barboza of the Tiverton Police Department were in violation of the Plaintiff's Fourth Amendment constitutional right and the Rhode Island Constitutional Article 1 §6 to be free from unlawful search and seizure

Plaintiff contends that his Fourth Amendment and Rhode Island Constitution right was violated as the September 28th arrest was without probable cause which constituted unreasonable search and seizure.

The Tiverton Officers falsely arrested the Plaintiff on December 28, 2018. Plaintiff therefore has alleged a constitutional deprivation of a clearly established right; the question is whether the arrests were objectively reasonable under the circumstances known to the officers at the time.

Plaintiff contends that Officer Barboza was aware or should have been aware that the no contact order had been terminated and still issued an arrest warrant. Officer Huber who requested the arrest warrant claimed that he had checked with R.O.N.C.O. as to whether there was an active no-contact order. (He claims he checked), however, all of the documentation and testimony reveals that the order was terminated in their data bases. Officer Pelletier, the officer that arrested him on April 8,2018, on which the no-contact order was initially issued knew that the case had been dismissed and the no-contact order terminated on June 21st, yet nevertheless again arrested the Plaintiff on December 28, 2018. He failed to do a cursory check with the Court or his department to determine if the order had been rescinded and rejected the pleas of both the Plaintiff and Darcie Silva that the no-contact order had twice been terminated and arrested him a second time. His conduct was therefore objectively unreasonable.

### D. NEGLIGENT SUPERVISORY CLAIM

The plaintiff claims that Chief Jones was negligent with respect to supervision, training and education of his officers.

### III. PLAINTIFF'S STATEMENT AS TO PROBABLE LENGTH OF TRIAL

3-4 days.

**IV.    WITNESSES**

1. Sergeant Michael Barboza
2. Maureen Pallazzo
3. Chief Patrick Jones
4. Sergeant Ryan Huber
5. Sergeant Rossi
6. Officer Joshua Pelletier
7. R.O.N.C.O. Supervisor - Edward Troiano
8. Darcie Silva
9. Antone Silva

**V.    EXHIBITS**

1. No Contact Order - 4/18/18
2. Case Summary - 4/10/18
3. Termination of No Contact Order and dismissal of case on 6/21/18
4. Case Summary - 9/10/18
5. RONCO computer printout (3 pages)
6. Case Summary - 1/15/18
7. 12/19/18 Criminal Complaint
8. 12/31/18 dismissal
9. Tiverton Police Department - General Order on Domestic Violence
10. R.I.G.L. 12-1-12.2 and 12-29
11. RONCO procedures

The Exhibits will be in paper and exhibited on a screen for the jury to observe during testimony.

**VI**.    No testimony will be presented by deposition, however references may be made to deposition testimony based on the testimony of witnesses which may differ from their deposition testimony.

**VII.**    Plaintiff will file Motion in Limine (See attached)

**VIII.**    Plaintiff's counsel will confer with Defense counsel at least seven (7) days prior to jury empanelment.

          Plaintiff, Antone Silva,
          By his Attorneys,
          BRIAN CUNHA & ASSOCIATES, P.C.


*/s/ Brian R. Cunha*
_____

Brian R. Cunha, Esq.
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508) 679-6360
R.I.#4074


## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of October, 2021, I caused a copy of the within to be electronically filed and served through the CM/ECF filing system, which is available for electronic downloading and viewing, on all attorneys of record, who are as follows:

Marc DeSisto, Esq.
DeSisto Law, LLC
60 Ship Street
Providence, RI 02903

Justin J. Sullivan, Esq.
150 South Main Street
Providence, RI 02903

          */s/ Brian R. Cunha*
          _____