UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **ANTONE SILVA**,<br>    *Plaintiff*,<br><br>v.<br><br>**STATE OF RHODE ISLAND; TOWN OF TIVERTON; PATRICK W. JONES,** individually and in his capacity as Chief of Police for the Tiverton Police Department**; and, DETECTIVE MICHAEL BARBOZA,** Individually and in his official capacity,<br>    *Defendants* | C.A. No. 1:19-cv-00429-MSM-LDA<br><br><br>**JURY TRIAL DEMANDED** |

## STATE OF RHODE ISLAND'S PRETRIAL MEMORANDUM

**I.  INTRODUCTION**

This lawsuit was brought by Plaintiff Antone Silva ("Plaintiff" or "Silva") against Defendants, the State of Rhode Island (the "State"), as well as the Town of Tiverton (the "Town"), Tiverton Police Chief Patrick W. Jones ("Chief Jones"), and Detective Lieutenant Michael Barboza ("Lieutenant Barboza") (collectively, "Tiverton Defendants"). With respect to the State, Plaintiff asserts one count of Negligence (Count IX). Plaintiff does not assert any federal claims against the State. With respect to Count IX, the Court granted summary judgment against the State as to liability for Plaintiff's September 2018 arrest but denied summary judgment as the State's liability for Plaintiff's December 2018 arrest.

**II.  STATEMENT OF FACTS AND LAW**

    **A.  Brief Statement of the Facts**

On April 14, 2018, Tiverton Police dispatched Sergeant James Rossi and Officers Kobelecki ("Officer Kobelecki") and Valzovano to investigate a report of an ongoing domestic in progress

1

involving Plaintiff and Darcie LaPointe ("Ms. LaPointe"). Following an investigation, Plaintiff was arrested by Tiverton Police and was charged by Lieutenant Barboza with domestic simple assault for allegedly punching his girlfriend, Darcie LaPointe ("Ms. LaPointe"), in the face. At Plaintiff's arraignment, Judge Holbrook issued a no-contact order (the "First No-Contact Order") against the Plaintiff, with Ms. LaPointe as the protected party. On June 21, 2018, the underlying criminal case regarding the First No-Contact Order was dismissed pursuant to R.I. R. Crim. P. 48A. Newport County District Court clerk, Tracy Furtado ("Ms. Furtado"), entered the dismissal of the underlying criminal case into the court's electronic docket management system, Odyssey, on June 21, 2018. Ms. Furtado did not manually terminate the First No-Contact Order in Odyssey, which is required for a no contact order to be fully terminated. As a result, the First No-Contact Order remained active in Odyssey and was sent to the Bureau of Criminal Identification and Investigation's ("BCI") criminal history database, known as CCH. Likewise, an electronic J-LINK[1] notification update was also sent to the Tiverton Police Department the same day.

Subsequently, on Saturday, September 8, 2018, while working a police detail at Tiverton Casino, Tiverton Police Detective Sergeant Joshua Pelletier ("Sergeant Pelletier") arrested Plaintiff Sergeant Pelletier for allegedly violating the First No-Contact Order, which had been vacated. Sergeant Pelletier transported Plaintiff to the Tiverton Police station at approximately 10:30 PM, where Plaintiff was booked, charged with violation of a no contact order, and released on cash bail at 1:10 AM. The entirety of Plaintiff's September 8, 2018 arrest/detention lasted approximately (2) hours and forty (40) minutes after Plaintiff was initially arrested.

---

[1] J-LINK is a computer system used by local Rhode Island police departments, including the Town, to receive status updates from Rhode Island Courts on criminal case activity.

The next day, September 9, 2018, Tiverton Police filed a criminal complaint formally charging Plaintiff with violation of the First No-Contact Order, in Newport County District Court. The filing of the criminal complaint caused a second no-contact order to issue on Monday, September 10, 2018 (the "Second No-Contact Order"). The same day the Second No-Contact Order was issued, Attorney Brian Cunha ("Attorney Cunha") traveled to Newport District Court and attempted to address the new criminal charge. Following a discussion between Lieutenant Barboza and Attorney Cunha, the Town dismissed the underlying criminal case against Plaintiff that stemmed from the alleged violation of the First No-Contact Order, and which caused the Second No-Contact Order to issue. The Newport County District Court Administrative Clerk, Maureen Palazzo ("Ms. Palazzo"), entered the dismissal of the underlying criminal case into Odyssey on September 10, 2018. The 48A dismissal form entered contained a handwritten note stating, "no contact order active in RILETS". Additionally, Ms. Palazzo also manually terminated the First No-Contact Order and Second No-Contact Order in Odyssey. As a result, an electronic J-LINK notification update was sent to the Tiverton Police Department, notifying them of the dismissal and termination of the First and Second No-Contact Orders.

That same day, Lieutenant Barboza returned to the Tiverton Police Department and noted the dismissal and termination by closing out the arrest in the Tiverton Police Department's internal computer system. Sergeant Pelletier also discussed the dismissal with other Tiverton detectives upon his return. Later that evening, at or about midnight, the terminations of the First and Second No-Contact Orders were both marked within Odyssey as sent being sent to BCI's criminal history system.

Nearly three months later, on December 8, 2018, Plaintiff contacted Tiverton Police to report that Ms. LaPointe had attempted to break into his home and had damaged his door in the

3

process. Tiverton Police Officer Ryan Huber ("Officer Huber") and Officer Kobelecki were dispatched to Plaintiff's home to investigate the incident. Two days later, on December 10, 2018, Officer Huber prepared a police report, which noted that "dispatch advised units that there was an active No Contact/Protection Order between Darcie [LaPointe] (Protected Party) and Antone Silva." Officer Huber also prepared an arrest warrant application and affidavit based on an alleged violation of the Second No-Contact Order. Notably, Officer Huber did not contact BCI or the Newport County District Court Clerk's Office to verify the status of the Second No-Contact Order. Based exclusively on the report prepared by Officer Huber, Lieutenant Barboza applied for and secured an arrest warrant on December 19, 2018, for Plaintiff for violation of the Second No-Contact Order.

Nine days later, on Friday, December 28, 2018, Sergeant Pelletier observed Plaintiff and Ms. LaPointe together at Tiverton Casino again. Sergeant Pelletier approached Plaintiff, informed him that there was an active warrant out of Tiverton for Plaintiff's arrest, based on a violation of the Second No-Contact Order. Sergeant Pelletier subsequently placed Plaintiff under arrest at approximately 11:47 PM and transported him to the Tiverton Police station, where Plaintiff was held and released on cash bail at approximately 7:00 AM on Saturday, December 29, 2018. The entirety of Plaintiff's December 28, 2018 arrest/detention lasted approximately seven (7) hours and thirteen (13) minutes.

On Monday, December 31, 2018, Attorney Cunha again returned to Newport District Court to address the matter. After speaking with the acting Tiverton Prosecution Officer, another 48A dismissal was filed with the Newport District Court, which stated "No contact order not in effect at the time of the incident." The 48A dismissal was entered into Odyssey the same day.

### B. Brief Statement of the Law

#### a. *Count IX – Negligence – State of Rhode Island*

To succeed on a claim for negligence, a plaintiff must establish by a preponderance of the evidence, "a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." *Mills v. State Sales, Inc.*, 824 A.2d 461, 467–68 (R.I. 2003). Whether defendant owed plaintiff a legal duty is a question of law. *Martin v. Marciano*, 871 A.2d 911, 915 (R.I. 2005). "If no such duty exists, then plaintiff's claim must fail, as a matter of law." *Selwyn v. Ward*, 879 A.2d 882, 886 (R.I. 2005). Conversely, if the evidence establishes that a duty did run from a defendant to the plaintiff, then the remaining factual questions may be determined—"did [a] defendant breach the duty of care, and if so, was that breach the proximate cause of plaintiff's harm?" *Id.*; *Terry v. Central Auto Radiators, Inc.*, 732 A.2d 713, 718 (R.I. 1999) ("Whether [defendant's] inaction amounted to a breach of the duty owed to [plaintiff] was a question of fact[,] which should have been put to the trial jury.").

##### i. The State did not owe or breach Plaintiff a legal duty with respect to the December 28, 2018 arrest by Tiverton Defendants

The State was not negligent with respect to Plaintiff's December 28, 2018 arrest, because the State neither owed Plaintiff a legal duty of care, nor was the proximate cause of his harm. Plaintiff's sole claim against the State (Count IX - Negligence) fails at the outset because he does not specify that the State purportedly owed Plaintiff a legal duty of care with respect to the December 28, 2018 arrest. Moreover, Count XIX is predicated entirely on the contention that Plaintiff was wrongfully imprisoned by the Town because the State "negligently failed to remove the termination of the no contact order from its system…." *See* ECF 31 at ¶ 98. To the extent that Plaintiff alleges he was wrongfully imprisoned because the State owed a duty of care to Plaintiff

5

to remove the Second No-Contact Order and failed to do so, Count XIX fails because the State cannot negligently commit an intentional tort. *See Mucci v. Town of N. Providence*, 815 F.Supp. 2d 541, 548 (D.R.I. 2011); *cf also State by & through Kilmartin v. Rhode Island Troopers Ass'n*, 187 A.3d 1090, 1095 (R.I. 2018), *as corrected* (Sept. 11, 2018) (acknowledging the Attorney General's authority to refuse to defend or indemnify a State Trooper for intentional torts). Even if Plaintiff could pursue such a claim against the State, Count XIX fails on the merits because Ms. Palazzo manually terminated the Second No-Contact Order in Odyssey on September 10, 2018, the same day that it was issued.

### ii. The State was not the proximate cause of Plaintiff's December 28, 2018 arrest by Tiverton Defendants

Even assuming *arguendo* that the State breached a legal duty owed to Plaintiff, the State was not the proximate cause of Plaintiff's harm. It cannot be said that the State was the "but for" cause of Plaintiff's December 28, 2018 arrest. Rather, Plaintiff was arrested by Sergeant Pelletier—albeit for the second time in three months—for an active warrant. Moreover, it cannot be said that the State was the proximate cause for the warrant, because there is no evidence to suggest that Town Defendants contacted BCI or the Newport District Court Clerk's Office to confirm the status of the Second No-Contact Order in the eleven (11) days between on December 8, 2018, when Officer Huber responded to the call, and December 19, 2018, when Lieutenant Barboza applied for and secured the warrant. Town Defendants secured the warrant without verifying the status of the Second No-Contact Order with the Newport District Court.

Even if Town Defendants obtained information from BCI in December 2018 that suggested the Second No-Contact Order may have been active, it was unreasonable for Town Defendants to rely solely that information because Town Defendants had actual knowledge that the Second No-Contact Order had been vacated over three months earlier, on September 10, 2018. Lieutenant

6

Barboza, who signed the warrant affidavit, was the Prosecution Officer on September 10, 2018, when the Town dismissed the no-contact order charge against Plaintiff and the Second No-Contact Order was vacated. Lieutenant Barboza also memorialized the dismissal and termination of the no-contact orders when he closed out the arrest in the Town's computer system and stored the prosecution files. After entering the dismissal, Lieutenant Barboza even spoke to other Tiverton detectives about the dismissal. Additionally, Town Defendants received a J-LINK update directly from the Newport District Court on September 10, 2018, that the Second No-Contact Order had been vacated.

Town Defendants also had constructive knowledge that the Second No-Contact Order had been vacated. By the time Lieutenant Barboza applied for the warrant on December 19, 2018, he was aware that Plaintiff had previously been arrested by Sergeant Pelletier for an inactive no-contact. Nevertheless, Lieutenant Barboza did not verify the status of the Second No-Contact Order with the Newport District Court or speak with Officer Huber before submitting the warrant application. Based on the foregoing facts, the State was not the proximate cause of Plaintiff's December 28, 2018 arrest.

### III.   **WITNESSES AND EXHIBITS**

  A. **Potential Witnesses** – The State reserves the right to call the following witnesses:

   1. Antone Silva, Plaintiff
   2. Chief Patrick Jones, Tiverton Police Department
   3. Lieutenant Michael Barboza, Tiverton Police Department
   4. Sergeant Joshua Pelletier, Tiverton Police Department
   5. Edward Troiano, Chief, Bureau of Criminal Identification and Information (BCI)
   6. Maureen Palazzo, Administrative Clerk, Second Division District Court
   7. Rebuttal witnesses

  B. **Potential Exhibits** – The State reserves the right to offer as a full exhibit:

   1. September 10, 2018 Criminal Complaint

2. September 10, 2018 No Contact Order
3. 48A Dismissal filed on September 10, 2018
4. Odyssey Screenshots of Second No-Contact Order
5. RONCO Screenshot of Second No-Contact Order
6. BCI Restraining Order and No Contact Order ("RONCO") Procedure
7. December 19, 2018 Affidavit and Arrest Warrant

### C. Evidentiary Issues

Plaintiff has a criminal record that includes arrests dating back to November 2017. The State expects that Plaintiff's criminal record may be the subject of motions in limine.

### D. Estimated length of trial

The State estimates trial will last 3 – 4 days.

Respectfully Submitted,

**STATE OF RHODE ISLAND**,
By:

**PETER F. NERONHA
ATTORNEY GENERAL**

*/s/ Justin Sullivan*

Justin J. Sullivan, Bar No. 9770
Special Assistant Attorney General
Chrisanne Wyrzykowski, Bar No. 7565
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St., Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2007 | jjsullivan@riag.ri.gov
Ext. 2235 | cwyrzykowski@riag.ri.gov

**CERTIFICATE OF SERVICE**

   I hereby certify that on Tuesday, October 12, 2021 I caused a copy of the within document to be electronically filed and served through the CM/ECF filing system, which is available for electronic downloading and viewing, on all attorneys of record, who are as follows

| | |
|---|---|
| Brian R. Cunha, Esq. | Marc DeSisto, Esq. |
| BrianCunha@briancunha.com | marc@desistolaw.com |
| | Patrick Burns, Esq. |
| | pburns@desistolaw.com |

              */s/Justin J. Sullivan*