UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTONE SILVA,<br>    *Plaintiff* | :<br>:<br>: |
| v. | : C.A. No. 1:19-cv-00429-WES-LDA |
| | : |
| STATE OF RHODE ISLAND, TOWN OF TIVERTON,<br>PATRICK JONES, Individually and as Chief of Police for<br>the Tiverton Police Department, SERGEANT MICHAEL<br>BARBOZA, JOSHUA PELLETIER and RYAN HUBER<br>    *Defendants*<br>_____ | :<br>:<br>:<br>:<br>:<br>: |

### PLAINTIFF ANTONE SILVA'S OBJECTION TO DEFENDANT STATE OF RHODE ISLAND'S PROPOSED JURY INSTRUCTIONS REGARDING PUBLIC DUTY DOCTRINE

Now comes the Plaintiff and hereby objects to Defendant State of Rhode Island's Proposed Jury Instructions with respect to the Public Duty Doctrine.

As reasons therefore, the Plaintiff states that the Public Duty Doctrine is inapplicable and does not apply to this case as the State of Rhode Island owed a special duty to the Plaintiff herein under statute as well as personally. Rhode Island law is clear that an exception to the Public Duty Doctrine arises in instances in which as here there is a violation of a statute. Orzechowski v. State, 485 A.2d at 546 (1984) was the first case in which the Court articulated how the State may be held liable to an individual for the violation of a statute. In Orzechowski, a parolee who had been released from prison before being statutorily eligible shot the plaintiff, an on-duty patrolman. The Plaintiff and his wife filed suit against the State, alleging that the parole board had been negligent in releasing the parolee in contravention of a statute mandating another fifteen years before parole eligibility. Affirming the Superior Court's dismissal, the Supreme Court held, by reverse implication, a statute by its own terms, creates a duty to a specific individual or a specific case of

individuals as opposed to the general public.

Quality Court Condo. Ass'n v. Quality Hill Dev. Corp., 641 A.2d 746 (1984) confirmed the special duty exception in the Plaintiff's favor. In Quality Court, the Plaintiffs sued the City of Pawtucket alleging that the city's building inspectors had negligently inspected improperly constructed condominiums. Because the plaintiffs had been in contact with the city building inspectors at the time of the inspection, the court reasoned that the city's duty was to the individual owners of the condominium's units and not to some amorphous, unknown public. Emerged from the case was the rule of a special duty where the plaintiffs have had some form of prior contact with government officials who then embark on a course of conduct which endangers the plaintiffs, or they have come within the knowledge of the officials so that the injury can be or should have foreseen. Accordingly, after Quality Court, a special duty exists if the statue in question created a duty to a specific individual.

Here, the State conceded the liability of the District Court Clerk, who is employed by the State of Rhode Island, for her negligent failure to comply with the State statute including R.I.G.L. 12-29-4 which requires that whenever an order prohibiting contact is issued, modified, or terminated..... the clerk of the court shall forward a copy of the order on or before the next judicial day to appropriate law enforcement for agency specified in the order; R.I.G.L. §12-29-8.1 which requires that all terminations of no contact orders be faxed or delivered to R.O.N.C.O. no later than the end of the day of the modification and R.I.G.L. §12-1-12.2 which requires the sealing of arrest records for wrongful arrest within 60 days of such determination that the arrest was wrongful. Here, all three statutes were violated. The clerk negligently failed to enter the termination of the no-contact order into the Court's Odyssey System resulting in Plaintiff's first arrest on September 8, 2018. In fact, as earlier mentioned, the Clerk's supervisor testified that subsequent to the dismissal of the

September 8, 2018 arrest, the District Court Clerk was counseled by her supervisor with regard to the necessity of properly entering information into the Odyssey System in order to avoid situations such as what occurred to the Plaintiff in this case.

Based on the above, it is clear that the State of Rhode Island failed to abide by the State statutes and the District Court Rules creating an exception to the Public Duty Doctrine with regard to the September 2018 arrest.

So too, with regard to the December 2018 arrest, there is evidence that the State of Rhode Island employee at R.O.N.C.O. failed to enter the termination of the No-Contact Order into the system after being dismissed a second time by the Court on September 10, 2018. As such, the Public Duty Doctrine is inapplicable and does not apply to the negligence claims against the State of Rhode Island.

                Plaintiff, Antone Silva,
                By his Attorneys,
                BRIAN CUNHA & ASSOCIATES, P.C.

*/s/ Brian R. Cunha*
_____
Brian R. Cunha, Esq.
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508) 679-6360
R.I.#4074

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of March, 2022, I caused a copy of the within to be electronically filed and served through the CM/ECF filing system, which is available for electronic downloading and viewing, on all attorneys of record, who are as follows:

Marc DeSisto, Esq.
DeSisto Law, LLC
60 Ship Street
Providence, RI 02903

Justin J. Sullivan, Esq.
150 South Main Street
Providence, RI 02903

                                                                 */s/ Brian R. Cunha*
                                                            _____